IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50301
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLGA CHAPA FALCON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-139-JN
USDC No. A-93-CR-110-2-JN
- - - - - - - - - -
August 31, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Olga Chapa Falcon argues that the district court implicitly found that she was denied her constitutional right to testify in her own behalf; that the denial of her constitutional right to testify is a structural error; or, alternatively, that if the court applies a harmless-error analysis, the court should apply the more onerous beyond-a-reasonable-doubt standard established in Chapman v. California, 386 U.S. 18 (1967). Falcon argues that, regardless of the standard used, the denial of her right to testify in her own

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

behalf was not harmless error under either the <u>Chapman</u> standard or the standard established in <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993). Finally, Falcon argues that the procedural-default bar should not be applied to her claim because the Government had failed to raise unequivocally and timely to raise the procedural default. Alternatively, Falcon argues that she has demonstrated the cause and the prejudice required to surmount the bar.

Even if the <u>Chapman</u> standard is applied, <u>Wright v. Estelle</u>, 549 F.2d 971, 974 (5th Cir. 1977), <u>panel opinion adhered to on rehearing en banc</u>, 572 F.2d 1071 (1978), Falcon's testimony would not have altered the verdict as the evidence of her participation in the drug conspiracy was overwhelming. The denial of her constitutional right to testify, if true, was harmless beyond a reasonable doubt. Accordingly, the judgment of the district court is AFFIRMED.